STACY B. BARCROFT *et al.*, Appellants, *v.* GODFREY LESSIEUR *et al.*, Respondents.

1. *Deed of trust — Assignment — Must be signed by all, etc.*—Certain grantees in a deed of trust conveying real estate, in common with various other creditors of the grantor, signed an agreement releasing him from his indebtedness on his conveyance to them *pro rata* of certain portions of the land embraced in the deed of trust. Some of the grantees therein refused to sign the agreement. Those signing did so with the understanding that the remainder should join in it. *Held,* that the signers of the agreement did not thereby lose their rights under the deed of trust, first, because the grantor in the trust deed could pass no title to the land unless all the grantees entered into the agreement; second, because they were not bound by the agreement unless all signed it.

*Appeal from New Madrid Circuit Court.*

*Lubke & Player*, for appellants.

I. There was no condition attached to the agreement that all the creditors of Lessieur should sign it; and defendants have clearly shown by their action under it that they did not intend that its validity should depend upon the consent of all the creditors to it, secured by the deed of trust.

II. Plaintiffs are not the only persons who would be affected by setting aside the agreement. Lessieur entered into an agreement for a valuable consideration with defendants, which was partly executed by conveyance of lands ; and his minor heirs, who are made defendants, have a right to the benefit of it.

III. If defendants ever had any rights to have the agreement set aside, they are guilty of such laches that a court of equity should refuse them relief. The evidence shows that the agreement has existed for twelve years, without any effort on their part to have it annulled. It is the universal doctrine of equity that no relief will be granted to a party who has been guilty of laches.

IV. The agreement by its terms provides that conveyances under it should be made by Lessieur, and it recognizes the existence of the deed of trust, showing that the creditors signing it had in mind the fact that Lessieur could only convey subject to the deed of trust, and that they were satisfied with such title as

he could convey. The evidence shows that they had no right to expect that conveyances could be made free from the trust, because it shows that Caleb Cope & Co., creditors secured by the trust deed, never assented to the agreement; and although it tends to show that plaintiffs did at one time so assent, it also shows that, after plaintiffs had refused to sign, defendants went on to carry out the agreement and to receive conveyances, subject to the trust. Hence, defendants made a binding agreement with Lessieur, and voluntarily gave up their rights under the trust deed. The only right left to those of the defendants whose claims remain unsatisfied, either by payment of money or conveyances of property, is to have property appraised and conveyed to them, subject to the trust.

*W. B. Napton,* for respondents.

The deed of trust of 1856 put the title to the property conveyed out of Lessieur, the debtor, and unless the plaintiffs signed the second agreement it would not be executed. He had no title to convey. The very nature of the agreement of 1858 implies that all the creditors must sign or it would be worthless.

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding in equity to enforce a deed of trust and to settle the rights of the beneficiaries under the deed. The case shows that one A. Adolphus Lessieur, in 1856, conveyed quite an amount of land in New Madrid county, in trust to secure debts then owing by him to various parties in Philadelphia. These debts matured in 1857, but no action appears to have been taken under the deed of trust prior to the institution of this suit in 1869.

It appears, however, that Lessieur and his Philadelphia creditors, in 1858, sought to make an assignment by which the deed of trust lands should be distributed among the creditors upon a valuation, each creditor taking land in satisfaction of his claim in lieu of money. A written agreement embodying that view and defining the mode of procedure was drawn up and submitted for execution. The creditors were made parties of the first part,

Lessieur party of the second part. But it does not appear that either the plaintiffs or Lessieur ever signed the document. The evidence shows that the plaintiffs agreed to do so, but that they never did. The other deed of trust creditors signed the agreement; but were they bound by it prior to its execution by Lessieur? And was any one of the creditors bound till all had joined in the execution of the instrument?

The theory of the plaintiffs is that the claims of the signing creditors were extinguished by the arrangement evidenced by the agreement and by subsequent action under it; that is, extinguished as regards any right under the deed of trust. The court is asked to so adjudge, and to order a sale of the deed of trust lands for the sole and exclusive benefit of the plaintiffs. The position of the plaintiffs is this: They insist that the debts of their co-beneficiaries have been satisfied by the acceptance or an agreement to accept a portion of the land included in the deed of trust. Then, treating these debts as paid, the plaintiffs seek to oust the creditors, agreeing to accept land, of all benefit of the land agreed to be taken, by a sale of it under this deed of trust for the plaintiffs' exclusive benefit.

This is a suit in equity, but it is difficult to see on what foundation of equity the desired decree could be based. The obvious fact is that the alleged agreement of 1858, in relation to the acceptance of land in lieu of money, was simply nugatory. It was not signed by Lessieur, and if it had been, the legal title to the land proposed to be conveyed was not in him. Any conveyance he might make was liable to be defeated at any time by an enforcement of the deed of trust, unless all the beneficiaries in the deed joined in and were bound by the contemplated arrangement. The plaintiffs defeated the arrangement by not becoming parties to it. The evidence shows that these parties who signed did so with the understanding that all the creditors named in the deed of trust were to join. That none were to be bound unless all joined is inferable from the nature of the agreement. That was the only way in which anything could be done prudently and effectually in the direction proposed. So long as the deed of trust remained in force as a security for

any of the creditors it was impossible for Lessieur to pass a title that could be depended upon.

There is nothing to show that it ever entered into the thought of any one of the creditors to cancel his rights under the deed of trust for a title so untrustworthy and insecure as would be a title from Lessieur while the deed of trust remained in force.

It is true that Lessieur, as shown by the New Madrid records of deeds, made deeds to three of the creditors, but beyond the fact of recording there is nothing to show that the grantees therein ever accepted these deeds. Whether these deeds were accepted or not, it is certain that they conveyed to the grantees no legal title, and no title, either legal or equitable, that was not subject to the deed of trust and exposed to total extinction.

The plaintiffs are now asking an order for the sale of these very lands to satisfy their demand. If the order is granted and the sale made, what becomes of the rights of the grantees under the deeds referred to? The only equitable road out of this entanglement is through orders vacating these deeds and directing a sale under the deed of trust, the proceeds to be applied *pro rata* in satisfaction of all the debts secured by the deed, so far as such proceeds may be adequate to that end. That was the view taken by the court below. Its decree to that effect I think should be sustained.

As we have seen, the plaintiffs refused to become parties to the agreement of December, 1868, after they had once assented to the proposed arrangement. Whether there was any fraud in this connection does not seem to be a matter of materiality. Their refusal to co-operate with the other creditors broke up the contemplated unity of action on the part of the beneficiaries under the deed of trust, and rendered it impossible for Lessieur to pass a good title under any deed he was competent to make; and a good title was what the creditors anticipated under the proposed arrangement, and what they contracted for, if the agreement in the state in which we find it can be regarded as a binding contract at all.

The view that has been taken of the case renders it unnecessary to review the action of the court upon the plaintiffs' objection to

evidence. There was sufficient evidence not subject to objection to warrant the decree.

As the creditors who are joined as defendants are equally interested in the sale of the lands with the plaintiffs, and have concurred in asking the appointment of a trustee for that purpose, it does not seem right to saddle the plaintiffs with all the costs. The costs should be paid out of the proceeds of the sales, and it is so ordered. To that extent the decree of the court below is modified. In all other respects the judgment is affirmed. The other judges concur.